FROTHINGHAM *et al. v.* HODENPYL *et al.*

(*Supreme Court, General Term, First Department.·* November 13, 1891.)

1. FRAUDULENT CONVEYANCES—ACTION TO SET ASIDE—PARTIES.
   Mere general creditors of an insolvent firm, having no lien by attachment or otherwise, cannot maintain an action to set aside, as fraudulent towards creditors, judgments entered against the debtors upon offers to allow judgments.

2. EXECUTORS—COMPELLING ACCOUNTING.
   Mere general creditors of an insolvent firm, composed of a surviving member and the executors of a deceased member, cannot maintain an action to compel the executors to render an account of their trust, not being creditors of the estate.

Appeal from special term, New York county.

Action by Thomas G. Frothingham and others against Anthony J. G. Hodenpyl and others to set aside certain judgments as fraudulent towards creditors, and for an accounting. Plaintiffs appeal from a judgment dismissing their complaint. Affirmed.

Argued before VAN BRUNT, P. J., and DANIELS and INGRAHAM, JJ.

*Franklin Bien,* for appellants. *Hays & Greenbaum, M. Warley Platzek, David Tim,* and *Dittenhoefer & Gerber,* for respondents.

VAN BRUNT, P. J. This is an action brought by a general creditor of the firm of Stern & Stern to have the judgments referred to in the case of *Watch Co.* v. *Hodenpyl,* 16 N. Y. Supp. 337, (decided herewith,) declared null and void as against the plaintiff; and to have the executions issued thereon set aside; and for a preliminary injunction restraining the defendants from receiving any portion of the money arising upon the executions; and calling upon the defendants Dinah Stern, as executrix, and Simon Stern, as executor, of Joseph Stern, deceased, to render an account of their trust in the manner provided by law, etc. It is perfectly clear that the plaintiffs in this action, being merely creditors at large, having no lien either by attachment or execution levied, or judgment obtained, and execution returned unsatisfied, cannot attack the validity of these judgments. Neither are they in a position to call the defendants Dinah Stern and Simon Stern, as executrix and executor of the last will and testament of Joseph Stern, deceased, to an account. They are not creditors of the estate of Joseph Stern. They are simply creditors of the

firm of Stern & Stern, in which the estate of Joseph Stern has an interest. As well might the creditor at large of a firm call upon a copartnership to account in regard to the administration of their trust, as for the plaintiffs to attempt to call two of the partners of the firm of Stern & Stern to account in respect of the estate of which they are executors. It is only creditors of an estate that may call the executors to an account. The judgment should be affirmed, with costs. All concur.